# EXHIBIT 1



NC0O4D08TE

## NOTARIAL CERTIFICATE

TO ALL TO WHOM these presents shall come

I, CHEW KIAT JINN, NOTARY PUBLIC duly admitted, authorised to practise in the Republic of Singapore, DO HEREBY CERTIFY

AND ATTEST THAT **Vivekananda Neelakantan** (in his capacity as the Deputy Registrar of the Singapore International Arbitration Centre), whose identity I have verified, personally appeared before me on Wednesday, the 5th day of June, 2024; and duly signed in my presence, the document attached hereto – which is in turn attached to a document entitled "**CONSENT AWARD**" dated 1 June 2024 – and which states, among other things, that the attached document entitled "**CONSENT AWARD**" is an authentic award published in Singapore by the arbitral tribunal comprised of Mr Anselmo Reyes in arbitration proceedings conducted under the auspices of the Singapore International Arbitration Centre; and which has been registered in the Singapore International Arbitration Centre Registry as Award No. 069 of 2024 on 3 June 2024; and that the signature subscribed thereto is in the own, true and proper handwriting of the said **Vivekananda Neelakantan**.

IN FAITH AND TESTIMONY whereof I the said notary have subscribed my name and set and affixed my seal of office at Singapore, this 5th day of June 2024.



**NOTARY PUBLIC SINGAPORE**





By virtue of Rule 8(3)(c) of the Notaries Public Rules, a Notarial Certificate must be authenticated by the Singapore Academy of Law in order to be valid.

With effect from 16 September 2021, a Notarial Certificate shall be deemed to be validly authenticated by the affixing of an Apostille to the back of the Notarial Certificate.

# APOSTILLE

(Convention de La Haye du 5 Octobre 1961)

This **Apostille** only certifies the authenticity of the signature, seal or stamp and the capacity of the person who has signed the attached Singapore public document, and, where appropriate, the identity of the seal or stamp. It does not certify the authenticity of the underlying document.

If this document is to be used in a country not party to the Hague Convention of the 5th of October 1961, it should be presented to the consular section of the mission representing that country.

To verify this **Apostille**, go to
https://legalisation.sal.sg
or scan QR code:



**Verification code: 61745180**

| 1. Country: | Singapore |
|---|---|
| **This public document** | |
| 2. Has been signed by: | CHEW KIAT JINN |
| 3. Acting in the capacity of: | Notary Public |
| 4. Bears the seal/stamp of: | Notary Public |
| **Certified** | |
| 5. At: | Singapore Academy of Law |
| 6. The: | 5th June 2024 |
| 7. By: | Melissa Goh, Director, Trust Services, SAL |
| 8. No.: | AC0O4D0DBA |
| 9. Seal/Stamp: | 10. Signature: |



## SIAC ARBITRATION NO. 438 OF 2023 (ARB438/23/LYY)

SIAC ARBITRATION NO. 438 OF 2023 IN THE MATTER OF AN ARBITRATION UNDER THE ARBITRATION RULES OF THE SINGAPORE INTERNATIONAL ARBITRATION CENTRE (6TH EDITION, 1 AUGUST 2016) BETWEEN YONGGANG LI ("CLAIMANT") AND JAMES FU BIN LU ("RESPONDENT")

Pursuant to the appointment of the Deputy Registrar of the Singapore International Arbitration Centre by the Minister of Law of the Republic of Singapore under Section 19C of the International Arbitration Act 1994 (previously International Arbitration Act Cap. 143A) and the International Arbitration (Appointed Persons under Section 19C) Order 2009 as a person who may authenticate arbitral awards, I, Vivekananda Neelakantan, the Deputy Registrar of the Singapore International Arbitration Centre, hereby certify that the attached *Consent Award* dated 1 June 2024 ("*Award*") is an authentic award published in Singapore by the arbitral tribunal comprised of Mr Anselmo Reyes in arbitration proceedings conducted under the auspices of the Singapore International Arbitration Centre in the above stated arbitration reference. The attached *Award* has been registered in the Singapore International Arbitration Centre Registry as Award No. 069 of 2024 on 3 June 2024.

Under Section 19B(3) of the International Arbitration Act 1994 (previously International Arbitration Act Cap. 143A), an arbitral award is made when it has been signed and delivered in accordance with Article 31 of the UNCITRAL Model Law on International Commercial Arbitration (1985). The attached *Award* was delivered to the Claimant through his counsel, WongPartnership LLP at 12 Marina Boulevard Marina Bay Financial Centre Tower 3 Level 28, Singapore 018982; and to the Respondent through his counsel, King & Wood Mallesons at 13/F Gloucester Tower, The Landmark 15 Queen's Road Central, Central, Hong Kong. Accordingly, the attached *Award* is now final and binding on the parties.

Signed at Singapore     )
By the above-named     )
Vivekananda Neelakantan     )
This 5th day of June 2024     )

Before me,

Notary Public

NOTARY PUBLIC
Chew Kiat Jinn
NP2024/0008
1 Apr 2024 – 31 Mar 2025
SINGAPORE

**AT THE SINGAPORE INTERNATIONAL ARBITRATION CENTRE**

**IN THE MATTER OF AN ARBITRATION UNDER THE ARBITRATION RULES OF THE SINGAPORE INTERNATIONAL ARBITRATION CENTRE (6TH EDITION, 1 AUGUST 2016)**

**SIAC ARBITRATION NO. 438 OF 2023**

Between

**YONGGANG LI**

*(Claimant)*

And

**JAMES FU BIN LU**

*(Respondent)*

---

**CONSENT AWARD**

---

Dated this 1st day of June 2024

Registered in the SIAC Registry of Awards as:
Award No. 069 of 2024
on 03 June 2024



**IN THE MATTER OF AN ARBITRATION UNDER THE ARBITRATION RULES
OF THE SINGAPORE INTERNATIONAL ARBITRATION CENTRE
(6TH EDITION, 1 AUGUST 2016)
SIAC ARB/438/23/LYY**

Between

**YONGGANG LI**

*...Claimant*

And

**JAMES FU BIN LU**

*...Respondent*

---

**CONSENT AWARD**

---

**Dated this 1st day of June 2024**

**Tribunal: Mr Anselmo Reyes**

**Seat of Arbitration: Singapore**

2

## I.   INTRODUCTION

1.   The Claimant is Mr Li Yonggang, a citizen of the People's Republic of China ("**PRC**").

2.   The Claimant is represented by Ms Koh Swee Yen SC, Ms Alma Yong, Ms Mandy Guo, and Ms Zerlina Yee of WongPartnership LLP, 12 Marina Boulevard, Marina Bay Financial Centre Tower 3, Level 28, Singapore 018982.

3.   The Respondent is Mr James Lu Fu Bin, a citizen of the United States.

4.   The Respondent is represented by Mr Edmund Wan, Mr Tony Chow, Mr Richard Chan-Pensley, Ms Valerie Pui and Ms Kate Zhou of King & Wood Mallesons, 13/F Gloucester Tower, The Landmark, 15 Queen's Road Central, Central, Hong Kong.

5.   The Claimant and the Respondent are individually referred to as a "**Party**" and collectively referred to as "**Parties**".

## II.   THE TRIBUNAL

6.   The Tribunal was constituted with Mr Anselmo Reyes as the sole arbitrator.

## III.   ARBITRATION AGREEMENT, SEAT OF ARBITRATION, LAW GOVERNING THE ARBITRATION, APPLICABLE RULES OF ARBITRATION AND LANGUAGE OF ARBITRATION

7.   The disputes in this arbitration arise out of the Settlement Agreement dated 23 May 2023 ("**Settlement Agreement**") entered into between the Claimant, Longview Capital Holdings LLC and the Respondent.

8.   The arbitration agreement is set out at Clause 14 of the Settlement Agreement which states:

> <u>Dispute Resolution</u>. Any dispute arising out of or in connection with this Agreement, including any question regarding its existence, validity or termination, shall be referred to and finally resolved by arbitration administered by the Singapore International Arbitration Centre in accordance with the Arbitration Rules of the Singapore International Arbitration Centre for the time being in force, which rules are deemed to be incorporated by reference in this Clause 14. The seat of arbitration shall be Singapore. The language of the arbitration shall be English. The Tribunal shall consist of a sole arbitrator.

9.   Pursuant to Clause 14 of the Settlement Agreement:

9.1.   The seat of arbitration is Singapore;
9.2.   The arbitration is conducted in accordance with the Arbitration Rules of the SIAC (6th Edition, 1 August 2016) ("**SIAC Rules 2016**"); and
9.3.   The language of the arbitration is English.

3

## IV.    GOVERNING LAW OF THE DISPUTE

10.    Clause 13 of the Settlement Agreement states:

> Governing Law. This Agreement shall be governed by, and construed in accordance with, the laws of Singapore.

## V.    PROCEDURAL HISTORY

11.    On 21 July 2023, the Claimant filed the Notice of Arbitration, demanding that the disputes as set out therein be referred to arbitration in accordance with the SIAC Rules 2016, and sought the reliefs as set out at paragraph 30 of the Notice of Arbitration.

12.    On 25 July 2023, the SIAC informed the Parties that this arbitration is deemed to have commenced on 21 July 2023 and has been assigned case number ARB438/23/LYY.

13.    On 4 August 2023, the Respondent filed the Response to Notice of Arbitration.

14.    On 5 September 2023, the Claimant confirmed that the Notice of Arbitration constitutes the Claimant's Statement of Claim and the Claimant will not be filing a separate Statement of Claim.

15.    On 7 September 2023, the SIAC informed the Parties that the Tribunal was constituted, with Mr Anselmo Reyes as the sole arbitrator.

16.    On 10 October 2023, the Respondent filed his Statement of Defence and Counterclaim.

17.    On 1 November 2023, the Claimant filed his Statement of Reply and Defence to Counterclaim.

18.    On 23 November 2023, the Tribunal fixed the substantive hearing of this arbitration on 3, 4 and 5 June 2024.

19.    On 13 December 2023, the Respondent filed his Statement of Rejoinder and Reply to Defence to Counterclaim.

20.    In an email dated 31 May 2024, the Respondent wrote to the Claimant, copying the Tribunal, making an open offer to agree (i) to enter into an arbitration award by consent to be issued by the Tribunal, on the terms as set out in Section H in the Notice of Arbitration dated 21 July 2023, save that the sum of USD 30,000,000 and interest may be paid in the equivalent amount in RMB at the prevailing exchange rate as at the date of payment; and (ii) that the substantive hearing in this arbitration fixed for 3 to 5 June 2024 be vacated. In an email dated 31 May 2024, the Claimant wrote to the Respondent, copying the Tribunal, accepting the Claimant's open offer. The Parties therefore jointly request that the Tribunal make and issue a consent award pursuant to Rule 32.10 of SIAC Rules 2016.

3

4

## VI.   **CONSENT AWARD**

21.   By agreement of the Parties and pursuant to Rule 32.10 of the SIAC Rules 2016, the Tribunal **ORDERS AND DIRECTS** as follows:

21.1.   A declaration that the Respondent is in breach of Clause 1 of the Settlement Agreement;

21.2.   An order that the Respondent pays the Claimant the sum of USD 30,000,000 (or the equivalent amount in RMB, at the prevailing exchange rate as at the date of payment);

21.3.   An order that the Respondent pays the Claimant interest at the simple rate of 20% per annum on USD 30,000,000 from 16 June 2023 until the date of the Award (or the equivalent amount in RMB, at the prevailing exchange rate as at the date of payment);

21.4.   A declaration that the Claimant has equitable proprietary and/or security interests over the Respondent's assets/funds managed by Goldman Sachs (Asia) L.L.C. and Citibank N.A. Hong Kong up to the value of USD 30,000,000 and interest at the simple rate of 20% per annum on USD 30,000,000 from 16 June 2023 until the date of full repayment;

21.5.   An order that the Respondent renders full assistance to the Claimant to transfer liquid assets in the Respondent's accounts managed by Goldman Sachs (Asia) L.L.C. and Citibank N.A. Hong Kong up to the value of USD 30,000,000, to the Claimant;

21.6.   An order that the Respondent pays the Claimant post-award interest at the simple rate of 20% per annum on USD 30,000,000 from the date of the Award until the date of full repayment;

21.7   An order that the Respondent shall fully bear the costs, fees and/or expenses in respect of this arbitration.

4

5

_____

**Anselmo Reyes**

**(Tribunal)**

**1 June 2024**

**Seat of Arbitration: Singapore**

5