# EXHIBIT 2

# SETTLEMENT AGREEMENT

This Agreement is entered into on ___23/5___ 2023 by:

(1) **LONGVIEW CAPITAL HOLDINGS LLC**, a Washington limited liability company with UBI number 603 480 575 and having its principal place of business at P.O. Box 61311, Seattle, WA 98141, USA (the **Borrower**);

(2) **JAMES FU BIN LU**, a national of the United States of America residing at 428 East Street, Suite E, Grinnell, IA 50112, USA (the **Guarantor**); and

(3) Yonggang Li, a national of the People's Republic of China residing at 23 Marina way #29-28, Singapore 018979 and having passport EA3703143 (the **Lender** and, together with the Borrower and Guarantor, the **Parties** and each a **Party**).

BACKGROUND

(A) The Parties entered into a Loan Agreement dated 27 June 2022, a Waiver Request dated 30 June 2022, Amendment No. 2 to Loan Agreement dated 5 December 2022, Amendment No. 3 to Loan Agreement signed on or about early February 2023; Amendment No. 4 to Loan Agreement dated 28 February 2023, and Amendment No. 5 to Loan Agreement dated 24 March 2023 (collectively the **Loan Agreement**).

(B) The parties have been in discussions and the Borrower and Guarantor have confirmed that certain amounts are due under the Loan Agreement but have not yet been paid. The Parties have discussed, in good faith, repayment by the Borrower or the Guarantor of the amounts due and outstanding under the Loan Agreement to the Lender.

(C) The Parties have settled their differences and have agreed to fully and finally settle their dispute about payments due under the Loan Agreement and hereby record the terms of settlement on a binding basis in this Agreement.

FOR GOOD AND VALUABLE CONSIDERATION, THE RECEIPT AND SUFFICIENCY OF WHICH ARE HEREBY ACKNOWLEDGED BY THE PARTIES, THE PARTIES HEREBY AGREE AS FOLLOWS:

1. <u>Payment</u>. In settlement of all sums due and owing from the Borrower and/or the Guarantor to the Lender under the Loan Agreement, the Borrower and/or the Guarantor shall pay the Lender the sum of USD 30,000,000, on or before 15 June 2023 (time being of the essence) by way of bank transfer to the following account:

   **Account name**: Yonggang Li
   **USD Account number**: 373-905-530-8
   **Name of Bank**: United Overseas Bank Ltd
   **SWIFT Code**: UOVBSGSG
   **Bank Address**: 80 Raffles Place UOB Plaza Singapore 048624

   The Parties agree that the failure of the Borrower and/or the Guarantor to pay any sum required under this clause 1 is a material breach of this Agreement, and that in such an event, the Lender can enforce all of its rights against either, or both, the Borrower and/or the Guarantor without any further notice to the Borrower and/or the Guarantor.

EXHIBIT 7

In the event that the Borrower and/or the Guarantor fails to pay any sums due under this clause 1, the Borrower and the Guarantor agrees, and the Lender shall be entitled, to transfer Borrower's and Guarantor's liquid assets managed by Goldman Sachs (Asia) L.L.C. and Citibank N.A. Hong Kong up to the amounts due under this clause 1 to an account designated by the Lender with full capacity of assistance from the Borrower and Guarantor.

Interest at the simple rate of 20% per annum shall accrue and be payable by the Borrower and/or the Guarantor on any part of the amount of USD 30,000,000 that is not paid in accordance with this clause.

2. <u>Joint and several liability</u>. The Borrower and Guarantor shall be jointly and severally liable for all of the obligations described to be performed by "the Borrower and/or the Guarantor" set out in this Agreement.

3. <u>Release</u>. This Agreement is in full and final settlement of, and the Borrower and Guarantor on one hand and Lender on the other hereby releases and forever discharges, all and/or any actions, claims, rights, demands and set-offs against each other, whether in this jurisdiction or any other, whether in law or equity, arising out of or connected with the Loan Agreement. The Borrower and Guarantor on one hand and Lender on the other agree not to sue, commence, voluntarily aid in any way, prosecute or cause to be commenced or prosecuted against the other party any action, suit or other proceeding concerning the released claims, rights, demands and set-offs referred to in this clause 3 in this jurisdiction or any other.

This clause 3 shall not apply to, and the released claims, rights, demands and set-offs referred to in this clause 3 shall not include, any claims in respect of any breach of this Agreement.

4. <u>Representations</u>.

Each Party represents and warrants to the other Parties that, as at the date of this Agreement:

(a) it has full power, authority and legal capacity to execute and deliver this Agreement and perform its obligations hereunder;

(b) this Agreement constitutes its legal, valid and binding obligation, enforceable in accordance with its terms, except to the extent enforceability may be limited under applicable bankruptcy and insolvency laws and other laws affecting creditors' rights generally and to general principles of equity;

(c) its execution, delivery and performance of this Agreement will not (i) result in the breach of, or conflict with, any obligation under any guarantee, indenture, credit facility or other instrument to which it or any of its assets may be subject, (ii) violate any law applicable to it, or (iii) result in a breach of, or conflict with, any provision of its constitutional documents;

(d) no action, suit, proceeding or investigation, judicial, administrative or otherwise (including without limitation any reorganisation, bankruptcy, insolvency or similar proceeding), currently is pending or, to the best of its knowledge, threatened in writing against it which, either in any one instance or in the aggregate, would reasonably be expected to have a material adverse effect on its ability to perform its obligations under this Agreement; and



2

(e) it is not insolvent or unable to pay its debts as and when they fall due, nor is it deemed by law or a court to be unable to pay its debts, nor will it become so as a result of entering into this Agreement.

5. <u>Undertakings</u>.

The undertakings in this Clause 5 remain in force from the date of this Agreement for so long as any amount is outstanding under this Agreement.

(a) Each of the Borrower and the Guarantor shall obtain and maintain in full force and effect any authorisation, consent, approval, licence or registration required to enable it to perform its obligations under this Agreement.

(b) Each of the Borrower and the Guarantor shall comply with all laws to which it may be subject, if failure to so comply would reasonably be expected to have a material adverse effect on its ability to perform its obligations under this Agreement.

(c) The Borrower shall not create or permit to subsist any mortgage, charge, pledge, lien or other security interest (**Security**) over any of its assets.

(d) The Borrower shall not incur or allow to remain outstanding any indebtedness for or in respect of moneys borrowed or amounts raised by the issue of bonds, notes or any similar instrument (**Financial Indebtedness**), other than pursuant to this Agreement.

(e) The Borrower shall not enter into a single transaction or a series of transactions (whether related or not) and whether voluntary or involuntary to sell, lease, transfer or otherwise dispose of any assets.

(f) The Borrower shall not be the creditor in respect of any Financial Indebtedness.

(g) The Borrower shall not incur or allow to remain outstanding any guarantee in respect of the obligation of any person.

(h) The Borrower shall not declare, make or pay any dividend, charge, fee or other distribution (or interest on any unpaid dividend, charge, fee or other distribution) (whether in cash or in kind) on or in respect of its membership interests or other equity interests (or any class of its membership interests or other equity interests).

6. <u>No Admission</u>. This agreement is entered into in connection with the compromise of disputed matters and in the light of other considerations. It is not, and shall not be represented or construed by the Parties as, an admission of liability or wrongdoing on the part of any Party.

7. <u>Severability</u>. If any provision or part-provision of this Agreement is or becomes invalid, illegal or unenforceable, it shall be deemed modified to the minimum extent necessary to make it valid, legal and enforceable. If such modification is not possible, the relevant provision or part-provision shall be deemed deleted. Any modification to or deletion of a provision or part-provision under this clause shall not affect the validity and enforceability of the rest of this Agreement.

3

8. **Entire Agreement.** This Agreement constitutes the entire agreement between the parties and supersedes and extinguishes all previous agreements, promises, assurances, warranties, representations and understandings between them, whether written or oral, relating to its subject matter.

9. **Tax.** The Borrower and/or the Guarantor shall make all payments under this Agreement without any deduction or withholding for, or on account of, any tax, duty, fee or other charge or withholding of a similar nature (a **Tax Deduction**), unless a Tax Deduction is required by law, in which case the payment due from the Borrower and/or the Guarantor shall be increased to an amount that (after making any Tax Deduction) leaves an amount equal to the payment that would have been due if no Tax Deduction had been required.

10. **Assignment and Transfer.** No Party may assign, transfer or otherwise dispose of any of its rights or obligations under this Agreement.

11. **Amendments and Waivers.** Any term of this Agreement may be amended or waived only with the written consent of each Party.

12. **Counterparts.** This Agreement may be executed in any number of counterparts, and this has the same effect as if the signatures on the counterparts were on a single copy of this Agreement.

13. **Governing Law.** This Agreement shall be governed by, and construed in accordance with, the laws of Singapore.

14. **Dispute Resolution.** Any dispute arising out of or in connection with this Agreement, including any question regarding its existence, validity or termination, shall be referred to and finally resolved by arbitration administered by the Singapore International Arbitration Centre in accordance with the Arbitration Rules of the Singapore International Arbitration Centre for the time being in force, which rules are deemed to be incorporated by reference in this Clause 14. The seat of arbitration shall be Singapore. The language of the arbitration shall be English. The Tribunal shall consist of a sole arbitrator.

    Despite the foregoing provisions in this Clause 14, the Lender may at its sole option (and regardless of whether Lender is a claimant or respondent) submit a dispute arising out of or in connection with this Agreement to any court of competent jurisdiction, which will have non-exclusive jurisdiction to determine the dispute. This clause is for the benefit of the Lender. If the Borrower and/or the Guarantor have already commenced arbitration proceedings in relation to a dispute before the Lender has commenced court proceedings, it is agreed that, on the demand of the Lender (which demand must be made within 60 calendar days of any request for arbitration initiating the arbitration), the arbitration proceedings shall be discontinued within 7 calendar days after the Lender has commenced court proceedings in respect of the dispute. It is agreed that upon commencement of the court proceedings by the Lender, any arbitral tribunal already appointed, or to be appointed, will have no jurisdiction in respect of the dispute.

15. **Interpretation.** In this Agreement:

    (a) clause headings are for ease of reference only;

    (b) gender pronouns (including the neuter) include all genders;

(c) a **person** includes any individual, firm, company, corporation, government, state or agency of a state or any association, trust, joint venture, consortium, partnership or other entity (whether or not having separate legal personality); and

(d) an Event of Default is **continuing** if it has not been remedied or waived.

16. Costs. The Parties shall each bear their own legal costs in relation to this Agreement.

The parties agree that this Agreement shall immediately be fully and effectively binding on them.

[*Signature page follows*]

**Borrower**

SIGNED BY JAMES FU BIN LU
FOR AND ON BEHALF OF
LONGVIEW CAPITAL
HOLDINGS LLC

................................................
Member

**Guarantor**

SIGNED BY JAMES FU BIN LU

................................................

**Lender**

SIGNED BY YONGGANG LI

................................................

[Signature page to Agreement]

6.