# EXHIBIT 3



## NOTARIAL CERTIFICATE

TO ALL TO WHOM these presents shall come

I, CHEW KIAT JINN, NOTARY PUBLIC duly admitted, authorised to practise in the Republic of Singapore, DO HEREBY CERTIFY

AND ATTEST THAT **Vivekananda Neelakantan** (in his capacity as the Deputy Registrar of the Singapore International Arbitration Centre), whose identity I have verified, personally appeared before me on Thursday, the 25th day of July, 2024; and duly signed in my presence, the document attached hereto entitled "**SIAC TAXATION NO. 001 OF 2024 (SIAC/TAX/001/24) SIAC ARBITRATION NO. 438 OF 2023 (ARB438/23/LYY)**" – which is in turn attached to a document entitled "**REGISTRAR'S CERTIFICATE**" dated 22 July 2024 – and which states, among other things, that the attached document entitled "**REGISTRAR'S CERTIFICATE**" ("*Taxation Certificate*") is an authentic certificate published in Singapore by the Registrar of the Singapore International Arbitration Centre, Mr Kevin Nash, in the above stated taxation reference, and pursuant to section 21(3) of the International Arbitration Act 1994, this Taxation Certificate forms part of the Consent Award dated 1 June 2024, registered in the Singapore International Arbitration Centre Registry as Award No. 069 of 2024 on 3 June 2024, of the arbitral tribunal comprised of Mr Anselmo Reyes in arbitration proceedings conducted under the auspices of the Singapore Arbitration Centre in the above stated arbitration reference; and that the signature subscribed thereto is in the own, true and proper handwriting of the said **Vivekananda Neelakantan**.

IN FAITH AND TESTIMONY whereof I the said notary have subscribed my name and set and affixed my seal of office at Singapore, this 25th day of July 2024.



**NOTARY PUBLIC
SINGAPORE**



By virtue of Rule 8(3)(c) of the Notaries Public Rules, a Notarial Certificate must be authenticated by the Singapore Academy of Law in order to be valid.

# APOSTILLE

(Convention de La Haye du 5 Octobre 1961)

This **Apostille** only certifies the authenticity of the signature, seal or stamp and the capacity of the person who has signed the attached Singapore public document, and, where appropriate, the identity of the seal or stamp. It does not certify the authenticity of the underlying document.

If this document is to be used in a country not party to the Hague Convention of the 5th of October 1961, it should be presented to the consular section of the mission representing that country.

To verify this **Apostille**, go to
https://legalisation.sal.sg
or scan QR code:



Verification code: 79751476

| | |
|---|---|
| 1. Country: | Singapore |
| **This public document** | |
| 2. Has been signed by: | CHEW KIAT JINN |
| 3. Acting in the capacity of: | Notary Public |
| 4. Bears the seal/stamp of: | Notary Public |
| | **Certified** |
| 5. At: | Singapore Academy of Law |
| 6. The: | 26th July 2024 |
| 7. By: | Melissa Goh, Director, Trust Services, SAL |
| 8. No.: | AC0O5S0HUG |
| 9. Seal/Stamp: | 10. Signature: |



With effect from 16 September 2021, a Notarial Certificate shall be deemed to be validly authenticated by the affixing of an Apostille to the back of the Notarial Certificate.

SIAC TAXATION NO. 001 OF 2024 (SIAC/TAX/001/24)

SIAC ARBITRATION NO. 438 OF 2023 (ARB438/23/LYY)

SIAC ARBITRATION NO. 438 OF 2023 IN THE MATTER OF AN ARBITRATION UNDER THE ARBITRATION RULES OF THE SINGAPORE INTERNATIONAL ARBITRATION CENTRE (6TH EDITION, 1 AUGUST 2016) BETWEEN YONGGANG LI ("CLAIMANT") AND JAMES FU BIN LU ("RESPONDENT")

Pursuant to the appointment of the Deputy Registrar of the Singapore International Arbitration Centre by the Minister of Law of the Republic of Singapore under Section 19C of the International Arbitration Act 1994 (previously International Arbitration Act Cap. 143A) and the International Arbitration (Appointed Persons under Section 19C) Order 2009 as a person who may authenticate arbitral awards, I, Vivekananda Neelakantan, the Deputy Registrar of the Singapore International Arbitration Centre, hereby certify that the attached *Registrar's Certificate* dated 22 July 2024 ("*Taxation Certificate*") is an authentic certificate published in Singapore by the Registrar of the Singapore International Arbitration Centre, Mr Kevin Nash, in the above stated taxation reference, and pursuant to section 21(3) of the International Arbitration Act 1994, this *Taxation Certificate* forms part of the *Consent Award* dated 1 June 2024, registered in the Singapore International Arbitration Centre Registry as Award No. 069 of 2024 on 3 June 2024, of the arbitral tribunal comprised of Mr Anselmo Reyes in arbitration proceedings conducted under the auspices of the Singapore International Arbitration Centre in the above stated arbitration reference.

Under Section 19B(3) of the International Arbitration Act 1994 (previously International Arbitration Act Cap. 143A), an arbitral award is made when it has been signed and delivered in accordance with Article 31 of the UNCITRAL Model Law on International Commercial Arbitration (1985). The attached *Taxation Certificate* was delivered to the Claimant through his counsel, WongPartnership LLP at 12 Marina Boulevard Marina Bay Financial Centre Tower 3 Level 28, Singapore 018982; and to the Respondent through his counsel, King & Wood Mallesons at 13/F Gloucester Tower, The Landmark 15 Queen's Road Central, Central, Hong Kong. Accordingly, the attached *Taxation Certificate* is now final and binding on the parties.

Signed at Singapore           )
By the above-named            )
Vivekananda Neelakantan       )
This 25th day of July 2024    )

Before me,

Notary Public

Chew Kiat Jinn
NP2024/0008
1 Apr 2024 – 31 Mar 2025

<u>TAXATION NO. 001 OF 2024 (SIAC/TAX/001/24)</u>

SIAC ARBITRATION NO. 438 OF 2023 IN THE MATTER OF AN ARBITRATION UNDER THE ARBITRATION RULES OF THE SINGAPORE INTERNATIONAL ARBITRATION CENTRE (6TH EDITION, 1 AUGUST 2016)
ARBITRATION NO: ARB438/23/LYY

BETWEEN

**YONGGANG LI**

*(Claimant)*

AND

**JAMES FU BIN LU**

*(Respondent)*

<u>REGISTRAR'S CERTIFICATE</u>

1. At paragraph 21.7 of its *Consent Award* dated 1 June 2024 ("**Consent Award**"), the Tribunal in SIAC Arbitration No. 438 of 2023 (ARB438/23/LYY) ordered *"that the Respondent shall fully bear the costs, fees and/or expenses in respect of this arbitration"*.

2. On 27 June 2024, the Claimant submitted the *Claimant's Costs Schedule (For Taxation by the SIAC Registrar)* ("**Claimant's Request for Taxation**") to the Registrar of the Singapore International Arbitration Centre ("**Registrar**") for taxation of the legal costs and disbursements pursuant to the Consent Award and Section 21 of the International Arbitration Act 1994 ("**IAA**").

3. On 12 July 2024, the Claimant sent a letter of the same date ("**Claimant's Letter**") stating *inter alia, "[w]e write on behalf of both on behalf of both the Claimant and the Respondent (collectively, "Parties") to inform the SIAC that Parties have reached an agreement in respect of the "costs, fees and/or expenses" provided for under paragraph 21.7 of the Consent Award as follows:*

*a. Subject to the SIAC Registrar issuing the decision and determination jointly requested by Parties at paragraph 3 below, the Respondent shall bear the "costs, fees and/or expenses" provided for under paragraph 21.7 of the Consent Award agreed at USD 250,000;*

*b. The Respondent agrees not to contest the Taxation Application up to the amount of USD 198,097.33, i.e. USD 250,000 less the SGD 70,068.60 costs of arbitration already determined by the SIAC Registrar on 14 June 2024 (which is equivalent to USD 51,902.67, based on an exchange rate of USD 1 = SGD 1.35) ("**Costs of Arbitration**").*

*Accordingly, pursuant to Section 21 of the International Arbitration Act 1994 ("**IAA**"), the Parties jointly request that the SIAC Registrar:*

*a. Issue a decision in respect of the Taxation Application that the amount of legal fees and disbursements payable by the Respondent to the Claimant is assessed at USD 198,097.33; and*

*b. Issue a determination that the total "costs, fees and/or expenses" payable by the Respondent to the Claimant under paragraph 21.7 of the Consent Award is USD 250,000 (comprising: (i) the legal fees and disbursements assessed at USD 198,097.33; and (ii) the Costs of Arbitration determined at SGD 70,068.60 on 14 June 2024); and*

*c. Sign and issue the relevant certificate or certificates in respect of the above pursuant to Section 21(3) of the IAA."*

4. On the same day, the Respondent stated *via* an email dated 12 July 2024 that the Respondent *"confirms the parties' agreement and joint request as set out in the attached letter of even date [i.e.,* the Claimant's Letter*]."*

5. The Claimant has duly submitted its payment of the requisite Taxation Fee in the amount of SGD 9,182.50.

Pursuant to the Claimant's Request for Taxation and having regard to the Parties' agreement and joint-request as set out in the Claimant's Letter, I certify that I have taxed the costs awarded to the Claimant and allowed the following:

| CURRENCY | LEGAL COSTS & DISBURSEMENTS |
|---|---|
| USD | 198,097.33 |

I also certify that I have determined the Costs of Arbitration at SGD 70,068.60 on 14 June 2024.

Accordingly, I certify that the total "costs, fees and/or expenses" payable by the Respondent to the Claimant under paragraph 21.7 of the Consent Award is USD 250,000 (comprising: (i) the legal fees and disbursements assessed at USD 198,097.33; and (ii) the Costs of Arbitration determined at SGD 70,068.60 on 14 June 2024 (which is equivalent to USD 51,902.67, based on an exchange rate of USD 1 = SGD 1.35)).

In accordance with section 21(3) of the IAA, this Certificate forms part of the Consent Award of the Tribunal.

Dated this 22nd day of July 2024



Kevin Nash

Registrar

Singapore International Arbitration Centre