UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| YONGGANG LI,<br><br>                   Plaintiff,<br>    v.<br><br>JAMES FU BIN LU,<br><br>                   Defendant. | CASE NO. 3:24-cv-05604-DGE<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROVE SERVICE |

BACKGROUND

Plaintiff commenced this action on July 26, 2024 to enforce an arbitral award issued in Singapore.  (*See* Dkt. No. 1.)  Plaintiff is a citizen of Hong Kong, and Defendant "is the personal guarantor of a $30,000,000 loan and settlement agreement for a Washington entity, Longview Capital Holdings, LLC ("Longview")."  (*Id.* at 2–3.)  Defendant is also "the sole member, or one of the members, of Longview" and does business in Washington.  (*Id.* at 2.)  The Complaint provides further information about Defendant's citizenship and place of residence:

> Defendant Lu is a U.S. citizen who, upon information and belief, resides at 428 East Street, Suite E, Grinnell, Iowa 50112 and may be served at that address. Defendant Lu

has also represented he may reside in alternate locations, such as Beijing, but has consistently represented he maintains a residence in Grinnell, Iowa as shown in the Settlement Agreement.

(*Id.* at 3.) Per the terms of the award, Plaintiff asks this Court to enter judgement for a principal amount of $30,000,000 USD, plus $5,763,013.70 in interest at a 20% rate accrued from June 16, 2023 to June 1, 2024, plus further interest at a 20% rate accruing until the judgement is collected. (*Id.* at 4–7.)

Plaintiff asserts that this Court has jurisdiction under 9 U.S.C. § 203, which grants original jurisdiction to the district courts of the United States for "[a]n action or proceeding falling under the Convention," which is a reference to the "Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958." (*See id.* at 2; 9 U.S.C. § 201.) Venue is proper in the Western District of Washington, Plaintiff argues, under 9 U.S.C. § 204, which specifies that an action under 9 U.S.C. § 203 "may be brought in any such court in which save for the arbitration agreement an action or proceeding with respect to the controversy between the parties could be brought." (*See id.* at 3.) Alternatively, because of Defendant's contacts and the nature of the dispute, venue is proper here under 28 U.S.C. §§ 1391(b)(2) or (b)(3). (*See id.*)

Plaintiff filed proof of service on September 25, 2024. (Dkt. No. 7.) The affidavit states that process was served "at the individual's residence or usual place of abode with Jane Doe, a person of suitable age and discretion who resides at 588 [B]ell st unit 2508, [S]eattle, WA 98121, on 08/28/2024 at 5:53 PM, and [the process server] mailed a copy to the individual's last known address." (*Id.*) The affidavit further states as follows:

> I delivered the documents to an individual who refused to give their name who identified themselves as the subject's spouse, co-resident. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white female contact 25-35 years of age, 5'6"-5'8" tall and weighing 120-

ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROVE SERVICE - 2

1   140 lbs.  [S]he accepted service saying she was the wife then threw it back and said she's not her and I left the papers there.

2

3   (*Id.*)

    Defendant has yet to respond to this suit, and Plaintiff now seeks entry of default

4   judgment.  (*See* Dkt. No. 10.)

5                                    ANALYSIS

6   In light of the foregoing, the Court issues this Order to Show Cause because it lacks

7   confidence that Defendant has properly served the summons and complaint.  Under Federal Rule

8   of Civil Procedure 4(e)(2)(B), service may be made by "leaving a copy of each at the individual's

9   dwelling or usual place of abode with someone of suitable age and discretion who resides there."

10  *See also* Fed. R. Civ. Pro. 4(e)(1); Wash. Rev. Code § 4.28.080(16) (providing that process may

11  be served according to the requirements of state law, which is the same in relevant respects).  But

12  the information Defendant has placed in the record is contradictory as to Defendant's "dwelling

13  or usual place of abode."  The Complaint states that Defendant lives at "428 East Street, Suite E,

14  Grinnell, Iowa 50112" (Dkt. No. 1 at 3) but process was served at "588 [B]ell st unit 2508,

15  [S]eattle, WA 98121" (Dkt. No. 7), with no information provided as to how the Seattle address

16  was identified and why service was made there rather than in Grinnell, Iowa.  The summons

17  itself lists no address for Defendant, either.  (*See* Dkt. No. 1-6 at 1.)  The affidavit of service is

18  similarly contradictory; the "Jane Doe" who accepted service initially identified herself as the

19  "subject's spouse, co-resident" but she then "threw [the summons and complaint] back and said

20  she's not [Defendant's wife]." (Dkt. No. 7.)  Although Jane Doe's initial acceptance and

21  subsequent denial may have been an effort to evade service, the record as a whole does not

22  establish that service was made at the "[Defendant's] dwelling or usual place of abode."  In

23  responding to this Order to Show Cause, Plaintiff should indicate why service was not made at

24

ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROVE SERVICE - 3

the address it provided for Defendant in Iowa (or Plaintiff should attempt service there), and/or why service at the Seattle address was proper.

Additionally, the Court requests further briefing from Defendant on jurisdiction and procedure in this case. Plaintiff has cited the relevant statutes, 9 U.S.C. §§ 203, 204, and has cited caselaw for the proposition that confirmation is a "summary proceeding" (*see* Dkt. No. 1 at 5–6), but Plaintiff has not otherwise briefed how courts apply those statutes and determine their subject-matter jurisdiction over a foreign arbitral award. *See e.g.*, *Day v. Orrick, Herrington & Sutcliffe, LLP*, 42 F.4th 1131, 1138–41 (9th Cir. 2022) (setting out standard for application of 9 U.S.C. §§ 203, 204). Similarly, Plaintiff has cited relevant facts that could establish the Court's personal jurisdiction over the Defendant, such as the Defendant being the "the sole member, or one of the members" of an LLC incorporated in Washington,[1] but has not cited any caselaw regarding personal jurisdiction.

Finally, the Court notes that this matter is on a default judgment posture, which in the Ninth Circuit typically means that the Court must apply the multi-factor test of *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). That test involves consideration of the merits of the claim. *See id.* at 1471–72. Plaintiff should explain if *Eitel* applies at all in this context, and if so, brief its factors.

CONCLUSION

---

[1] Plaintiff provided a copy of a settlement agreement between Plaintiff, Defendant, and Longview, which lists a Seattle P.O. Box as Longview's principal place of business (Dkt. No. 1-2 at 2), but Plaintiff did not provide incorporation documents for Longview to establish that it is a Washington LLC of which Defendant is "the sole member, or one of the members."

Plaintiff is Ordered to Show Cause why this action should not be dismissed for failure to provide proof of service, no later than Friday, November 29, 2024. Plaintiff may discharge this order by providing supplemental information regarding proof of service as described above, in the form of an affidavit. Further, also no later than November 29, 2024, Plaintiff shall submit supplemental briefing on the topics requested by the Court.

Dated this 13th day of November, 2024.

David G. Estudillo
United States District Judge